Carroll
No. 83-284

R. C. Foss & Sons, Inc.

v.

Accurate Roofing Co. & a.

October 5, 1984

*Upton, Sanders & Smith*, of Concord (*Gary B. Richardson* on the brief and orally), for D.J. Wholesale Building Materials, Inc.

*Schroeder and McLetchie*, of Ossipee (*Erland C. L. McLetchie* on the brief and orally), for Accurate Roofing Co., Inc.

Per curiam. This appeal is about priorities as between the claims of two secured creditors, D.J. Wholesale Building Materials, Inc. and Accurate Roofing Co., Inc., to funds paid into court under a bill of interpleader filed by the plaintiff, R. C. Foss & Sons, Inc. Brockhouse Corporation hired Foss as a general contracter to build a building in Wolfeboro. Foss subcontracted work to New Hampshire Roofing, Inc., which further subcontracted with Accurate. Accurate brought a related action against New Hampshire Roofing for money owed, and it obtained two attachments: a trustee attachment against Foss and a mechanic's lien attachment against Brockhouse's building under construction.

At the time of the mechanic's lien attachment, Brockhouse owed Foss $5000 on the contract. D.J. Wholesale has a security interest in the accounts receivable of New Hampshire Roofing. It obtained that interest after Accurate had completed work on Brockhouse's building but before Accurate brought action against New Hampshire Roofing. D.J. Wholesale has also succeeded to the rights of the Bank of New Hampshire, N.A., an earlier holder of a security interest in those same accounts receivable, obtained before any of the events in question.

The Bank asserted its rights to the funds in Foss' hands as against Accurate's rights under the trustee attachment. Foss then filed the present bill of interpleader and paid the funds in question into court. Although D.J. Wholesale successfully moved to intervene

in the present action by pleading its rights as assignee of the Bank, the rights of the Bank were not thereafter adjudicated, and the superior court determined D.J. Wholesale's position on the basis of its own security interest.

On motion of Foss, the Superior Court (*Temple*, J.) released Accurate's trustee attachment against Foss and the mechanic's lien attachment against Brockhouse. Accurate does not appeal these releases. All issues have been resolved except the relative priorities of the claims of D.J. Wholesale and Accurate. As between them, the Court (*Temple*, J.) approved the conclusion of the Master (*Charles T. Gallagher*, Esq.), with which the parties agree, that the security interest of D.J. Wholesale would give its claim against the funds paid into court priority over Accurate's claim under the trustee attachment, subject to one qualification that is the subject of this appeal.

Accurate argues that its mechanic's lien attachment took precedence over all other disputed claims, to the extent of the $5000 owed by Brockhouse to the general contractor, Foss. *See* RSA 447:6. Accurate therefore claims priority to the extent of $5000 of the funds paid into court by Foss. In effect, the master accepted this position in ruling that New Hampshire Roofing had no account receivable from Foss to the extent that Accurate had obtained an enforceable mechanic's lien for the value of a portion of the materials and labor covered by the contract. This ruling was the basis for a second master's report accepted by the Superior Court (*Wyman*, J.). The effect of this ruling was to give priority to Accurate's claim to the first $5000 of the money paid into court. D.J. Wholesale claims this was error. We agree and reverse.

A subcontractor's mechanic's lien under RSA 447:5, like the contractor's lien under RSA 447:2, is "a lien on any material . . . furnished and on . . . [the] structure, and on any right of the owner to the lot of land on which it stands." *Id.* Accurate's mechanic's lien therefore encumbered the property of Brockhouse but it did not encumber the funds paid into court in this case. The bill of interpleader related only to the funds. While all parties concerned could have agreed to substitute the funds for the Brockhouse property, and to consider the mechanic's lien in determining the priorities as between Accurate and D.J. Wholesale, they did not make any such agreement. After the mechanic's lien was released, the funds paid into court in this action remained subject to the same claims as before the release, the claims of Accurate under a trustee attachment and of D.J. Wholesale under a security interest. However their claims should have been resolved, it was error to prefer Accurate's claim on the basis of the former mechanic's lien.

In view of this conclusion we do not consider the second issue raised on this appeal, about the validity of the former mechanic's lien. The case is remanded for entry of an order consistent with the remainder of the master's report and the parties' agreement, giving priority to the claims of D.J. Wholesale to the funds deposited in court.

*Reversed and remanded.*

DOUGLAS, J., did not sit.